IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEMPER VALVE & FITTINGS CORP. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 513 |
| | ) | |
| BUDDY WOOD, KENNETH KLINGBAIL, | ) | Honorable Judge Guzman |
| FLOW VALVE, LLC, | ) | Magistrate Judge Nolan |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DEFENDANT FLOW VALVE, LLC
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT OR, IN
THE ALTERNATIVE, TO TRANSFER VENUE**

Defendant, Flow Valve, LLC, by its attorneys, hereby submits this memorandum in support of its motion to dismiss Plaintiff's Amended Complaint as to Flow Valve, LLC for lack of personal jurisdiction or, in the alternative, pursuant to 28 U.S.C. 1404(a), to transfer venue to the United States District Court for the Eastern District of Oklahoma as a more convenient forum that would have jurisdiction over all parties.

### Introduction

Plaintiff's claims in this lawsuit are all based upon the alleged breaches of confidentiality and non-compete agreements by Defendants Buddy Wood and Kenneth Klingbail. Both Wood and Klingbail are former employees of Plaintiff. There do not appear to be any allegations against Flow Valve, LLC separate and apart from allegations of conduct by Wood and Klingbail on behalf of Flow Valve.

Plaintiff, who bears the burden of proof on the issue, has not and cannot show that Flow Valve, LLC had sufficient contacts with Illinois to meet the requirements of due process. The

Court's exercise of jurisdiction over Flow Valve, LLC in this case would violate the due process

clause of the Fifth Amendment to the United States Constitution because (1) Flow Valve, LLC

has had insufficient contacts with Illinois and (2) the maintenance of the lawsuit against Flow

Valve in Illinois would offend traditional notions of fair play and substantial justice. As a result,

this Court does not have personal jurisdiction over Flow Valve, LLC and the Amended Com-

plaint should be dismissed as to it.

<u>Argument</u>

I.    <u>The Court Lacks Personal Jurisdiction Over Flow Valve.</u>

Plaintiffs have the burden of demonstrating personal jurisdiction over Flow Valve, LLC.

*Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp*,

230 F.3d 934 (7th Cir. 2000). In order to meet this burden, Plaintiff must produce "sufficient

evidence to establish a *prima facie* case of personal jurisdiction." *Purdue Research Found. v.*

*Sanofi – Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

Flow Valve is an Oklahoma limited liability company that does not have any premises or

property in the state of Illinois. It is not a resident of Illinois. "A federal district court in a diver-

sity case has personal jurisdiction over a nonresident defendant only if a court of the state in

which it sits would have such jurisdiction." *Young v. Colgate-Palmolive Co.*, 790 F.2d 567, 569

(7th Cir. 1986). Section 2-209 of the Illinois Code of Civil Procedure governs personal jurisdic-

tion in Illinois. Because Illinois authorizes personal jurisdiction to the maximum extent allowed

by the Illinois and United States Constitutions, the inquiry collapses into a federal minimum con-

tracts analysis. "If the contacts between the defendant and Illinois are sufficient to satisfy the

requirements of due process, then the requirements of the Illinois long-arm statute also have been

met." *Zazove v. Pelikan, Inc.*, 326 Ill. App. 3d 798, 803, 761 N.E.2d 256, 260 (1[st] Dist. 2001).

2

"Minimum contacts are those acts by which the defendant has purposefully availed itself of the privilege of conducting activities within the forum, *Hanson v. Denckla,* 357 U.S. 235, 253 78 S.Ct. 1228, 2 L.Ed. 2d 1283 (1958), such that he should reasonably anticipate being haled into court there." *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S. Ct. 559, 62 L.Ed.2d 490 (1980); *Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc.,* 42 F.Supp.2d 821, 829 (N.D. Ill. 1999). "The sufficiency of minimum contacts cannot be determined by any set formula or rule of thumb, but 'must rest on a consideration of what is fair and reasonable in the circumstances of each particular case.'" *Deluxe Ice Cream Company v. R.C.H. Tool Corp.,* 726 F.2d 1209, 1213 (7th Cir. 1984)(citation omitted).

There are two different types of personal jurisdiction over a defendant. "[G]eneral jurisdiction exists in cases where a defendant has 'continuous and systematic general business contacts' with the state …[S]pecific jurisdiction exists in a case where the defendant has a lesser degree of contact with the state, but the litigation arises out of or is related to those contacts." *Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc.,* 42 F.Supp.2d 821, 829 (N.D. Ill. 1999).

As this Court discussed in *First Nat. Bank v. El Camino Resources, Ltd.,* "general jurisdiction allows a defendant to be sued in the forum regardless of the subject matter of the litigation." 447 F.Supp.2d 902, 906 (N.D. Ill. 2006), *quoting, Purdue Research Found. v. Sanofi – Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). It is permitted "only where the defendant has continuous and systematic general business contacts with the forum." *Id.* "Those contacts must be so extensive as to make it 'fundamentally fair to require [defendant] to answer in any [Illinois] court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *First Nat. Bank v. El Camino Resources, Ltd.,* 447 F.Supp.2d 902, 906 (N.D. Ill. 2006), *quoting, Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd.,* 304 F.Supp.2d

3

1018, 1025 (N.D. Ill. 2004), *quoting Purdue Research*, 338 F.3d at 787.  Several factors are considered in making this analysis:

(1)     whether and to what extent the defendant conducts business in the forum state;

(2)     whether the defendant maintains an office or employees within the forum state;

(3)     whether the defendant sends agents into the forum state to conduct business;

(4)     whether the defendant advertises or solicits business in the forum state; and

(5)     whether the defendant has designated an agent for service of process in the forum state.

*First Nat. Bank v. El Camino Resources, Ltd.,* 447 F.Supp.2d 902, 906, *quoting, Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.*, 262 F.Supp.2d 898, 906-07 (N.D. Ill. 2003).

## II.     This Court Does Not Have General Jurisdiction Over Flow Valve.

.Flow Valve, LLC is an Oklahoma limited liability company formed on February 13, 2007.  Its only physical location is in Oklahoma.  Its principal place of business is in Oklahoma. It does not do business in Illinois and has not had any contacts with Illinois.  It does not maintain an office or employees within the state of Illinois.  It does not send agents into Illinois to conduct business.  It does not advertise or solicit business in Illinois.  It does not have a designated agent for service of process in Illinois.  See Declaration of Mark Nowell (attached as Exhibit A to Defendant's Motion.)

Based on the evidence, it is clear that Flow Valve has not had continuous and systematic contacts with the state of Illinois.  Therefore, this Court does not have general jurisdiction over Flow Valve.

4

**III.    This Court Does Not Have Specific Jurisdiction Over Flow Valve.**

"Specific jurisdiction refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *First Nat. Bank v. El Camino Resources, Ltd.*, 447 F.Supp.2d at 908, *quoting, RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997).

Plaintiff's Amended Complaint is largely silent as to the locations where Flow Valve's alleged actions occurred. Plaintiff alleges that Flow Valve was acting through Defendants Klingbail and Wood. However, none of the alleged acts of Klingbail or Wood that could allegedly be attributed to Flow Valve occurred in Illinois. Plaintiff alleges that Wood:

(1) is manager-in-fact of Flow Valve (¶ 26 Amended Complaint);

(2) assisted his son-in-law, Chesley Tucker, in setting up Flow Valve and affiliating Flow Valve with Kerr Pump (¶ 27 Amended Complaint);

(3) disclosed confidential information he acquired at Kemper in setting up Flow Valve (¶ 27 Amended Complaint);

(4) represented Flow Valve on sales calls (¶ 28 Amended Complaint);

(5) represented Flow Valve at meetings with customers (¶ 29 Amended Complaint);

(6) diverted business opportunities from Kemper to Flow Valve (¶ 30 Amended Complaint);

(7) represented Flow Valve in the sales of valves distributed by Flow Valve (¶ 31 Amended Complaint);

(8) has been seen at Flow Valve's location on a daily basis (¶ 34 Amended Complaint);

(9) works for Flow Valve (¶ 36 Amended Complaint);

(10) solicited Klingbail to leave Kemper to work for Flow Valve (¶ 37 Amended Complaint);

5

(11) solicited other employees of Kemper to leave Kemper to work for Flow Valve (¶ 38 Amended Complaint);

(12) solicited Kemper's customers on behalf of Flow Valve (¶ 39 Amended Complaint);

(13) used knowledge of Kemper's proprietary, trade secret information unfairly to compete with Kemper on behalf of Flow Valve (¶ 40 Amended Complaint);

(14) used confidential information for his own benefit and the benefit of Flow Valve (¶ 43 Amended Complaint); and

(15) agreed with Klingbail to create a manufacturer's representative agency that would compete with Kemper, solicit and divert Kemper's customers, hire Kemper employees, and use Kemper's trade secrets and confidential information to compete unfairly with Kemper and steal Kemper's trade secrets and business opportunities (¶ 101 Amended Complaint).

Regardless of the truth of such allegations, allegations numbered 1-3, 6, 8, 13 and 14 above would have had to have occurred in Oklahoma, where Wood resides and has resided for many years and where Flow Valve is located. Additionally, Wood has made no contacts with anyone in Illinois on behalf of Flow Valve. Furthermore, Defendant Wood has not been an employee, representative, agent, or member of Flow Valve, LLC. See Declaration of Buddy Wood attached hereto as Exhibit B. None of Plaintiff's top twenty (20) customers is located in Illinois. Finally, Wood did not solicit Ken Klingbail to leave Kemper and work for Flow Valve and did not agree with Klingbail to create a competitor to Kemper. See Declarations of Buddy Wood and Ken Klingbail (attached as Exhibits B & C to Defendant's Motion).

Plaintiff alleges that Klingbail:

(1) has been seen at Flow Valve's location on a daily basis (¶ 34 Amended Complaint);

(2) works for Flow Valve (¶ 36 Amended Complaint);

(3) solicited employees of Kemper to leave Kemper to work for Flow Valve (¶ 38 Amended Complaint);

(4) solicited Kemper's customers on behalf of Flow Valve (¶ 39 Amended Complaint);

(5) used knowledge of Kemper's proprietary, trade secret information unfairly to compete with Kemper on behalf of Flow Valve (¶ 40 Amended Complaint);

(6) used confidential information for his own benefit and the benefit of Flow Valve (¶ 43 Amended Complaint);

(7) assisted Flow Valve in design of products and services that compete with Kemper (¶ 55 Amended Complaint);

(8) persuaded or attempted to persuade Kemper's customers to cease doing business with Kemper and move their business to Flow Valve (¶ 56 Amended Complaint);

(9) owns, manages, operates, controls or is employed by Flow Valve; (¶ 57 Amended Complaint);

(10) misappropriated and used Kemper's trade secrets (¶ 58 Amended Complaint); and

(11) agreed with Wood to create a manufacturer's representative agency that would compete with Kemper, solicit and divert Kemper's customers, hire Kemper employees, and use Kemper's trade secrets and confidential information to compete unfairly with Kemper and steal Kemper's trade secrets and business opportunities (¶ 101 Amended Complaint).

Ken Klingbail became a member and employee of Flow Valve, LLC in September 2007. None of Defendant Klingbail's acts on behalf of Flow Valve, LLC, however, have occurred within the state of Illinois. Moreover, Defendant Klingbail has made no contacts with any person or entity in the state of Illinois on behalf of Flow Valve, LLC. Klingbail was not affiliated with Flow Valve in any way and did nothing on its behalf, while he was employed by Plaintiff or while he resided in Illinois. He did not make any agreements with Wood. Klingbail was planning to move to Houston, Texas when he resigned from Plaintiff and in fact moved his personal belongings to Houston after he ended his employment with Plaintiff. Klingbail had resided in

7

Houston before he went to work for Kemper. It was only after he had left his employment with Kemper that Klingbail decided to go to work for Flow Valve and moved to Oklahoma. Defendant Klingbail works at Flow Valve, LLC's premises located in Oklahoma. Defendant Klingbail does not work for and has not ever worked for Flow Valve at any location outside of Oklahoma. He has not solicited any of Plaintiff's customers in the state of Illinois. See Declaration of Ken Klingbail (Exhibit C to Flow Valve's Motion).

It is clear that the alleged acts of Flow Valve giving rise to Plaintiff's lawsuit did not occur in Illinois. Therefore, this Court does not have specific jurisdiction over Flow Valve and the case as to it should be dismissed.

**IV.    In The Alternative, The Court Should Transfer This Case To The U.S. District Court For The Eastern District of Oklahoma.**

In the alternative to a dismissal, Flow Valve requests that this Court transfer venue of the entire case to the United States District Court for the Eastern District of Oklahoma under 28 U.S.C. § 1404 as a forum more convenient for all Defendants and probable witnesses and as a forum that would have jurisdiction to resolve all issues raised by Plaintiff against all Defendants.

A district court may transfer any civil action to any other district division where it might have been brought for the convenience of parties and witnesses, in the interest of justice. 28 USC § 1404(a). "Transfer is appropriate when (1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interest of justice." *First Nat. Bank v. El Camino Resources, Ltd.*, 447 F.Supp.2d at 908, *quoting, RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997).

In determining whether the transfer will actually serve the convenience of the parties and witnesses and the interest of justice, courts analyze the private interests of the parties and the public interests of the court. *See id.* The factors relevant to consider in the parties' private interest are: (1) choice of forum; (2) the situs of material events; (3) the relative ease and access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses. *See id* at 912. The public interest factors include the court's familiarity with the applicable law, speed at which the case will proceed to trial, and the desirability to resolve controversies in their locale. *See id.*

In this case, Plaintiff's choice of forum is not the situs of the material events allegedly giving rise to Plaintiff's lawsuit. Thus, Plaintiff's choice of forum is given less deference. *See id.* Plaintiff is complaining about Wood and Klingbail breaching the non-competition agreements by allegedly owning and operating a competitor company known as Flow Valve, LLC. In a breach of contract case, the situs is where the business decisions causing the breach occurred. *See id* at 912, *quoting Hyatt Corp. v. Personal Industry Association,* 2004 U.S. Dist. LEXIS 25351 at *7 (N.D. Ill. Dec. 15, 2004). Certainly the business decisions allegedly causing breaches of the confidentiality non-compete agreement occurred in Oklahoma. Additionally, the actions allegedly committed by Wood and Klingbail giving rise to this lawsuit and recited above did not allegedly occur in Illinois. If Wood and Klingbail had solicited Plaintiff's customers, such solicitation would not have occurred in Illinois because the customers are not in Illinois. If Wood and Klingbail had attempted to hire Plaintiff's employees, those employees would be from Plaintiff's facilities in Oklahoma and not Illinois. If Wood and Klingbail had improperly used Plaintiff's confidential information, it would have been used in Oklahoma and not in Illinois.

9

Therefore, the situs of material events factor weighs in favor of transferring the case to Oklahoma.

Documents in this case should be easily transferable. Therefore, access to proof in this case is likely a neutral factor. The convenience of the parties factor concerns the parties' respective residences and abilities to bear the expense of trial in a particular forum. *See id, quoting Medi USA v. Jobst Inst., Inc.,* 791 F.Supp. 208, 210 (N.D. Ill. 1992). Flow Valve, Klingbail and Wood are all residents of Oklahoma. Plaintiff is a resident of Illinois. Flow Valve was started in February 2007 and it currently employees less than fifteen (15) persons. It will be an extreme financial burden for Flow Valve to litigate this case in Illinois, rather than Oklahoma. Additionally, Defendants Wood and Klingbail are individuals with limited resources. It would be extremely expensive for them to litigate this case in Illinois. Plaintiff, on the other hand, is a large company that operates two branch facilities in Sulphur, Oklahoma. See Plaintiff's Amended Complaint ¶ 13. Plaintiff "builds manifold trailers, assembles swivel joints and rebuilds and recertifies flow iron at one Sulphur, Oklahoma facility" and manufactures pump joints and crossover fittings at a machine shop at the other facility located in Sulphur, Oklahoma. See Amended Complaint at ¶ 13. Thus, litigating this case in Oklahoma would not be as burdensome on Plaintiff as it would be on Defendants to litigate this case in Illinois.

The convenience of the witnesses is an important factor in determining whether to grant a motion to transfer. *First Nat. Bank* at 913. Defendants will need Ken Klingbail, Buddy Wood and Mark Nowell to testify as witnesses in the case. Klingbail and Wood will testify as to the circumstances of their signing the Kemper Valve & Fittings Corp. Confidentiality and Non-Compete Agreement and regarding their respective activities since signing such agreements and leaving Plaintiff's employment. Mark Nowell, Flow Valve's Manager, will testify as to the op-

10

erations of Flow Valve. Additionally, Plaintiff has alleged that Wood and Klingbail have solic-ited Plaintiff's employees to come to work for Flow Valve. It is not clear who among its employees Plaintiff is complaining have been solicited but they are likely employees residing in Sulphur, Oklahoma. Those persons would need to testify for Defendants that Defendants have not been trying to hire them away from Plaintiff. Plaintiff is alleging that Defendants have been soliciting Plaintiff's top twenty (20) customers. Defendants will need witnesses from the par-ticular customers to testify as to why they have moved their business from Plaintiff. None of Plaintiff's top twenty (20) customers is located in Illinois. At least one of them, Haliburton, is located in Oklahoma.

Public factors the court is to consider are the speed to trial, familiarity with applicable law and the relationship of the communities to the litigation. According to this Court in *First Nat. Bank v. El Camino Resources, Ltd.*, *supra*, the speed to trial is determined based on federal court management statistics of the median number of months from filing to disposition and the median number of months from filing to trial. For the twelve (12) month period ending Septem-ber 30, 2007, the median time from filing to disposition in civil cases was 9.4 months in the Eastern District of Oklahoma and 6.2 months in the Northern District of Illinois. The median time from filing to trial for the twelve (12) month period ending September 30, 2005 (latest date shown on website for the Eastern District of Oklahoma) was 13 months. The median time from filing to trial for the period ending September 30, 2007 in the Northern District of Illinois was 29.7 months. As a result, the speed to trial factor weighs in favor of transfer.

This case will likely concern Illinois contract law and Illinois employment and trade se-cret law. This Court is likely to be more familiar with Illinois law than would be a federal court in Oklahoma. However, courts are often called upon to decide substantive legal questions based

11

upon another state's laws. Generally, Illinois contract law is not particularly complex. *See Amoco Oil Co. Mobil Oil Corp.* 90 F.Supp.2d 958 (N.D. Ill. 2000). Moreover, trade secret and employment law in Illinois is not so unique as to be beyond the comprehension of a United States District Court in Oklahoma. This case in significant part will concern what constitutes trade secrets within the business of manufacturing oilfield products. Because of the active oil and gas industry in Oklahoma, a federal court in Oklahoma is likely to be very experienced in such areas of law. Thus, this factor is either neutral or may tip in favor of transfer.

Oklahoma has a stronger relationship to this litigation than does Illinois. Plaintiff is complaining about two individuals and an entity unfairly competing against Plaintiff. Both individuals and the limited liability company complained about are residents of Oklahoma. One of the individuals, Buddy Wood, did not work at Plaintiff's Illinois facilities but instead worked at Plaintiff's facility located in Sulphur, Oklahoma. The alleged competition about which Plaintiff complains is occurring in Oklahoma and presumably states wherein Plaintiff's customers are located. None of Plaintiff's top twenty (20) customers is located in Illinois. Furthermore, Plaintiff owns and operates two facilities in the same Oklahoma community wherein Flow Valve is located and operated. Plaintiff alleges that Defendants are soliciting its employees to come to work for Flow Valve. The employees allegedly solicited are all residents of Oklahoma and work in Plaintiff's facilities in Oklahoma. Thus, it is clear that Oklahoma has a closer relationship to this litigation than does Illinois.

## Conclusion

For the foregoing reasons, and for the reasons stated in its Motion and in the Declarations of Mark Nowell, Buddy Wood and Kenneth Klingbail, Defendant Flow Valve, LLC, respectfully

requests that the Court dismiss Plaintiff's Amended Complaint as to it or, in the alternative, transfer the entire case to the United States District Court for the Eastern District of Oklahoma.

Dated:  February 29, 2008

Respectfully submitted,

/s/ Paul E. Lehner
One of the attorneys for defendant,
Flow Valve, LLC

William W. Speed
George W. Braly
Braly, Braly, Speed & Morris, PLLC
201 W. 14th Street
P.O. Box 2739
Ada, OK 74821-2739
Phone: 580-436-0871
Fax:  580-436-0889

James D. Adducci
Paul E. Lehner
ADDUCCI, DORF, LEHNER, MITCHELL
& BLANKENSHIP, P.C.
150 N. Michigan Avenue, Suite 2130
Chicago, IL  60601
Phone: 312-781-2800

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant, Flow Valve, LLC, certifies that, on February 29, 2008, he caused a copy of the Memorandum of Defendant Flow Valve, LLC in Support of Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, to Transfer Venue, to be served by means of ECF to:

Davi Lynn Hirsch                          Daniel R. Madock
Joshua D. Holleb                          Klein, Dub & Holleb, Ltd.
Klein, Dub & Holleb, Ltd.                 525 W. Monroe Street, Suite 2360
660 LaSalle Place                         Chicago, IL  60661
Highland Park, IL  60035


/s/ Paul E. Lehner