IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEMPER VALVE & FITTINGS CORP. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 513 |
| | ) |
| BUDDY WOOD, KENNETH KLINGBAIL, | ) Honorable Judge Guzman |
| FLOW VALVE, LLC, | ) Magistrate Judge Nolan |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF DEFENDANTS BUDDY WOOD AND KENNETH KLINGBAIL IN SUPPORT OF MOTION TO TRANSFER VENUE**

Defendants Buddy Wood and Kenneth Klingbail, by their attorneys and pursuant to 28 U.S.C. § 1404, submit this memorandum in support of their motion to transfer venue of this case to the United States District Court for the Eastern District of Oklahoma as a more convenient forum that would have jurisdiction over all parties.

### Introduction

Plaintiff's claims in this lawsuit are that two of its employees, Defendants Wood and Klingbail, formed a company named Flow Valve, LLC that is now competing with Plaintiff and that the actions of Wood and Klingbail breached confidentiality and non-compete agreements that Wood and Klingbail had signed, while employed by Plaintiff. Both Wood and Klingbail reside and work in Oklahoma. Flow Valve is located in Oklahoma. Wood never resided in Illinois and worked for Plaintiff at Plaintiff's facilities in Sulphur, Oklahoma.

Plaintiff alleges that Wood:

(1) is manager-in-fact of Flow Valve (¶ 26 Amended Complaint);

(2) assisted his son-in-law, Chesley Tucker, in setting up Flow Valve and affiliating Flow Valve with Kerr Pump (¶ 27 Amended Complaint);

(3) disclosed confidential information he acquired at Kemper in setting up Flow Valve (¶ 27 Amended Complaint);

(4) represented Flow Valve on sales calls (¶ 28 Amended Complaint);

(5) represented Flow Valve at meetings with customers (¶ 29 Amended Complaint);

(6) diverted business opportunities from Kemper to Flow Valve (¶ 30 Amended Complaint);

(7) represented Flow Valve in the sales of valves distributed by Flow Valve (¶ 31 Amended Complaint);

(8) has been seen at Flow Valve's location on a daily basis (¶ 34 Amended Complaint);

(9) works for Flow Valve (¶ 36 Amended Complaint);

(10) solicited Klingbail to leave Kemper to work for Flow Valve (¶ 37 Amended Complaint);

(11) solicited other employees of Kemper to leave Kemper to work for Flow Valve (¶ 38 Amended Complaint);

(12) solicited Kemper's customers on behalf of Flow Valve (¶ 39 Amended Complaint);

(13) used knowledge of Kemper's proprietary, trade secret information unfairly to compete with Kemper on behalf of Flow Valve (¶ 40 Amended Complaint);

(14) used confidential information for his own benefit and the benefit of Flow Valve (¶ 43 Amended Complaint); and

(15) agreed with Klingbail to create a manufacturer's representative agency that would compete with Kemper, solicit and divert Kemper's customers, hire Kemper employees, and use Kemper's trade secrets and confidential information to compete unfairly with Kemper and steal Kemper's trade secrets and business opportunities (¶ 101 Amended Complaint).

Plaintiff alleges that Klingbail:

(1) has been seen at Flow Valve's location on a daily basis (¶ 34 Amended Complaint);

2

(2) works for Flow Valve (¶ 36 Amended Complaint);

(3) solicited employees of Kemper to leave Kemper to work for Flow Valve (¶ 38 Amended Complaint);

(4) solicited Kemper's customers on behalf of Flow Valve (¶ 39 Amended Complaint);

(5) used knowledge of Kemper's proprietary, trade secret information unfairly to compete with Kemper on behalf of Flow Valve (¶ 40 Amended Complaint);

(6) used confidential information for his own benefit and the benefit of Flow Valve (¶ 43 Amended Complaint);

(7) assisted Flow Valve in design of products and services that compete with Kemper (¶ 55 Amended Complaint);

(8) persuaded or attempted to persuade Kemper's customers to cease doing business with Kemper and move their business to Flow Valve (¶ 56 Amended Complaint);

(9) owns, manages, operates, controls or is employed by Flow Valve; (¶ 57 Amended Complaint);

(10) misappropriated and used Kemper's trade secrets (¶ 58 Amended Complaint); and

(11) agreed with Wood to create a manufacturer's representative agency that would compete with Kemper, solicit and divert Kemper's customers, hire Kemper employees, and use Kemper's trade secrets and confidential information to compete unfairly with Kemper and steal Kemper's trade secrets and business opportunities (¶ 101 Amended Complaint).

Wood resides in and has resided in Oklahoma since 1992. Flow Valve, LLC is an Oklahoma limited liability company that is located only in Oklahoma. None of Plaintiff's top twenty (20) customers is located in Illinois. Wood did not solicit Ken Klingbail to leave Kemper and work for Flow Valve and did not agree with Klingbail to create a competitor to Kemper. See Declarations of Buddy Wood and Ken Klingbail (attached hereto as Exhibits B & C to Defendants' Motion).

3

Ken Klingbail became a member and employee of Flow Valve, LLC in September 2007. None of Defendant Klingbail's acts on behalf of Flow Valve, LLC, however, have occurred within the state of Illinois. Moreover, Defendant Klingbail has made no contacts with any person or entity in the state of Illinois on behalf of Flow Valve, LLC. Klingbail was not affiliated with Flow Valve in any way and did nothing on its behalf, while he was employed by Plaintiff or while he resided in Illinois. He did not make any agreements with Wood. Klingbail was planning to move to Houston, Texas when he resigned from Plaintiff and in fact moved his personal belongings to Houston after he ended his employment with Plaintiff. Klingbail had resided in Houston before he went to work for Kemper. It was only after he had left his employment with Kemper that Klingbail decided to go to work for Flow Valve and moved to Oklahoma. Defendant Klingbail works at Flow Valve, LLC's premises located in Oklahoma. Defendant Klingbail does not work for and has not ever worked for Flow Valve at any location outside of Oklahoma. He has not solicited any of Plaintiff's customers in the state of Illinois. See Declaration of Ken Klingbail (attached hereto as Exhibit C to Defendants' Motion).

A district court may transfer any civil action to any other district division where it might have been brought for the convenience of parties and witnesses, in the interest of justice. 28 USC § 1404(a). "Transfer is appropriate when (1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interest of justice." *First Nat. Bank v. El Camino Resources, Ltd.*, 447 F.Supp.2d at 908, *quoting, RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997).

In determining whether the transfer will actually serve the convenience of the parties and witnesses and the interest of justice, courts analyze the private interests of the parties and the

4

public interests of the court. *See id.* The factors relevant to consider in the parties' private interest are: (1) choice of forum; (2) the situs of material events; (3) the relative ease and access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses. *See id* at 912. The public interest factors include the court's familiarity with the applicable law, speed at which the case will proceed to trial, and the desirability to resolve controversies in their locale. *See id.*

In this case, Plaintiff's choice of forum is not the situs of the material events allegedly giving rise to Plaintiff's lawsuit. Thus, Plaintiff's choice of forum is given less deference. *See id.* Plaintiff is complaining about Wood and Klingbail breaching the non-competition agreements by allegedly owning and operating a competitor company known as Flow Valve, LLC. In a breach of contract case, the situs is where the business decisions causing the breach occurred. *See id* at 912, *quoting Hyatt Corp. v. Personal Industry Association,* 2004 U.S. Dist. LEXIS 25351 at *7 (N.D. Ill. Dec. 15, 2004). Certainly the business decisions allegedly causing breaches of the confidentiality non-compete agreement occurred in Oklahoma. Additionally, the actions allegedly committed by Wood and Klingbail giving rise to this lawsuit and recited above did not allegedly occur in Illinois. If Wood and Klingbail had solicited Plaintiff's customers, such solicitation would not have occurred in Illinois because the customers are not in Illinois. If Wood and Klingbail had attempted to hire Plaintiff's employees, those employees would be from Plaintiff's facilities in Oklahoma and not Illinois. If Wood and Klingbail had improperly used Plaintiff's confidential information, it would have been used in Oklahoma and not in Illinois. Therefore, the situs of material events factor weighs in favor of transferring the case to Oklahoma.

Documents and any other evidence in this case should be easily transferable. Therefore, access to proof in this case is likely a neutral factor. The convenience of the parties factor concerns the parties' respective residences and abilities to bear the expense of trial in a particular forum. *See id, quoting Medi USA v. Jobst Inst., Inc.,* 791 F.Supp. 208, 210 (N.D. Ill. 1992). Flow Valve, Klingbail and Wood are all residents of Oklahoma. Plaintiff is a resident of Illinois. Flow Valve was started in February 2007 and it currently employees less than fifteen (15) persons. It will be an extreme financial burden for Flow Valve to litigate this case in Illinois, rather than Oklahoma. Additionally, Defendants Wood and Klingbail are individuals with limited resources. It would be extremely expensive for them to litigate this case in Illinois. Plaintiff, on the other hand, is a large company that owns and operates two branch facilities in Sulphur, Oklahoma. See Plaintiff's Amended Complaint ¶ 13. Plaintiff "builds manifold trailers, assembles swivel joints and rebuilds and recertifies flow iron at one Sulphur, Oklahoma facility" and manufactures pump joints and crossover fittings at a machine shop at the other facility located in Sulphur, Oklahoma. See Amended Complaint at ¶ 13. Thus, litigating this case in Oklahoma would not be as burdensome on Plaintiff as litigating the case in Illinois would be on Defendants.

The convenience of the witnesses is an important factor in determining whether to grant a motion to transfer. *First Nat. Bank* at 913. Defendants will need Ken Klingbail, Buddy Wood and Mark Nowell, the Manager of Flow Valve, to testify as witnesses in the case. Klingbail and Wood will testify as to the circumstances of their signing the Kemper Valve & Fittings Corp. Confidentiality and Non-Compete Agreement and regarding their respective activities since signing such agreements and leaving Plaintiff's employment. Mark Nowell will testify as to the operations of Flow Valve. See Declaration of Mark Nowell (attached as Exhibit A to

Defendants' Motion). Additionally, Plaintiff has alleged that Wood and Klingbail have solicited Plaintiff's employees to come to work for Flow Valve. It is not clear who among its employees Plaintiff is complaining have been solicited but they are likely employees residing in Sulphur, Oklahoma. Those persons would need to testify for Defendants that Defendants have not been trying to hire them away from Plaintiff. Plaintiff is alleging that Defendants have been soliciting Plaintiff's top twenty (20) customers. Defendants will need witnesses from the particular customers to testify as to why they have moved their business from Plaintiff. None of Plaintiff's top twenty (20) customers is located in Illinois. At least one of them, Haliburton, is located in Oklahoma.

Public factors the court is to consider are the speed to trial, familiarity with applicable law and the relationship of the communities to the litigation. According to this Court in *First Nat. Bank v. El Camino Resources, Ltd.*, *supra*, the speed to trial is determined based on federal court management statistics of the median number of months from filing to disposition and the median number of months from filing to trial. For the twelve (12) month period ending September 30, 2007, the median time from filing to disposition in civil cases was 9.4 months in the Eastern District of Oklahoma and 6.2 months in the Northern District of Illinois. The median time from filing to trial for the twelve (12) month period ending September 30, 2005 (latest date shown on website for the Eastern District of Oklahoma) was 13 months. The median time from filing to trial for the period ending September 30, 2007 in the Northern District of Illinois was 29.7 months. As a result, the speed to trial factor weighs in favor of transfer.

This case will likely concern Illinois contract law and Illinois employment and trade secret law. This Court is likely to be more familiar with Illinois law than would be a federal court in Oklahoma. However, courts are often called upon to decide substantive legal questions

based upon another state's laws. Generally, Illinois contract law is not particularly complex. *See Amoco Oil Co. Mobil Oil Corp.* 90 F.Supp.2d 958 (N.D. Ill. 2000). Moreover, trade secret and employment law in Illinois is not so unique as to be beyond the comprehension of a United States District Court in Oklahoma. This case in significant part will concern what constitutes trade secrets within the business of manufacturing oilfield products. Because of the active oil and gas industry in Oklahoma, a federal court in Oklahoma is likely to be very experienced in such areas of law. Thus, this factor is either neutral or may tip in favor of transfer.

Oklahoma has a stronger relationship to this litigation than does Illinois. Plaintiff is complaining about two individuals and an entity unfairly competing against Plaintiff. Both individuals and the limited liability company complained about are residents of Oklahoma. One of the individuals, Buddy Wood, did not work at Plaintiff's Illinois facilities but instead worked at Plaintiff's facility located in Sulphur, Oklahoma. The alleged competition about which Plaintiff complains is occurring in Oklahoma and presumably states wherein Plaintiff's customers are located. None of Plaintiff's top twenty (20) customers is located in Illinois. Furthermore, Plaintiff owns and operates two facilities in the same Oklahoma community wherein Flow Valve is located and operated. Plaintiff alleges that Defendants are soliciting its employees to come to work for Flow Valve. The employees allegedly solicited are all residents of Oklahoma and work in Plaintiff's facilities in Oklahoma. Thus, it is clear that Oklahoma has a closer relationship to this litigation than does Illinois.

### Conclusion

For the foregoing reasons, and for the reasons stated in their Motion and Declarations, Defendants Buddy Wood and Kenneth Klingbail respectfully request that the Court transfer venue of the entire case to the United States District Court for the Eastern District of Oklahoma.

Dated: February 29, 2008

Respectfully submitted,


/s/ Paul E. Lehner
One of the attorneys for defendants,
Buddy Wood and Kenneth Klingbail


William W. Speed
George W. Braly
Braly, Braly, Speed & Morris, PLLC
201 W. 14th Street
P.O. Box 2739
Ada, OK 74821-2739
Phone: 580-436-0871
Fax:  580-436-0889

James D. Adducci
Paul E. Lehner
ADDUCCI, DORF, LEHNER, MITCHELL
& BLANKENSHIP, P.C.
150 N. Michigan Avenue, Suite 2130
Chicago, IL  60601
Phone: 312-781-2800

9

## **CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for Defendants Buddy Wood and Kenneth Klingbail, certifies that, on February 29, 2008, he caused a copy of the Memorandum of Defendants Buddy Wood and Kenneth Klingbail in Support of Motion to Transfer Venue to be served by means of ECF to:

| | |
|---|---|
| Davi Lynn Hirsch | Daniel R. Madock |
| Joshua D. Holleb | Klein, Dub & Holleb, Ltd. |
| Klein, Dub & Holleb, Ltd. | 525 W. Monroe Street, Suite 2360 |
| 660 LaSalle Place | Chicago, IL  60661 |
| Highland Park, IL  60035 | |

/s/ Paul E. Lehner