IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEMPER VALVE & FITTINGS CORP. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 513 |
| ) | |
| BUDDY WOOD, KENNETH KLINGBAIL, ) | Honorable Judge Guzman |
| FLOW VALVE, LLC, ) | Magistrate Judge Nolan |
| ) | |
| Defendants. ) | |

**FLOW VALVE, LLC's REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Defendant, Flow Valve, LLC, by its attorneys, hereby submits this Reply to Plaintiff's Response to Defendant's Motion to Dismiss or Transfer Venue.

**Introduction**

Quite simply, this case is about Plaintiff not wanting to pay deferred compensation earned by Buddy Wood and Ken Klingbail, while they were employees of Plaintiff. Plaintiff's alleged basis for not making such payments is that Wood and Klingbail violated a confidentiality and non-compete agreement. Flow Valve was not a party to those agreements. Flow Valve is an Oklahoma limited liability company. It has no operations in Illinois and no contacts with Illinois that would make it fair for this Court to exercise jurisdiction over it.

**Argument**

**I.   Standard of Review.**

Plaintiff has the burden to prove by a preponderance of the evidence that this Court has personal jurisdiction over Flow Valve. See *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987); *International Molding Mach. Co. v. St. Louis Conveyor Co.*, 2002 WL 1838130 (N.D. Ill. 2002).

In making the determination regarding personal jurisdiction, the Court must accept as true uncontested jurisdictional facts alleged by the parties. See *id.*; *Connolly v. Samuelson*, 613 F.Supp. 109, 111 (N.D. Ill. 1985). Plaintiff has not contested the jurisdictional facts set forth in the declarations submitted by Flow Valve with its Motion to Dismiss and in the Alternative to Transfer Venue (hereinafter "Motion to Dismiss"). Therefore, the facts asserted therein must be accepted as true by the Court. Plaintiff has failed to meet its burden of proving that this Court has personal jurisdiction of Flow Valve.

## II.     The Effects Doctrine Does not Result in Specific Jurisdiction Over Flow Valve.

In its Response to Flow Valve's Motion to Dismiss, Plaintiff conceded that it is not trying to prove that this Court has general jurisdiction over Flow Valve, LLC and relied solely on the "effects doctrine" for the proposition that this Court has specific jurisdiction over Flow Valve. Plaintiff's argument can be boiled down to the following: Plaintiff is located in Illinois and therefore its alleged injury occurred in Illinois and therefore the Court has jurisdiction over Defendant Flow Valve. Fortunately for Flow Valve and potential defendants everywhere, the law is not such that a court has jurisdiction over a defendant merely because a plaintiff resides in that court's jurisdiction.

The "effects doctrine" is a bit more complex than merely jurisdiction is sustainable wherever plaintiff suffered injury. The case from which the "effects doctrine" emanates is *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482 (1984), a defamation case concerning the actress Shirley Jones. In that case the Court held that jurisdiction in California was proper over a newspaper reporter and an editor, who resided and worked in Florida, because the focus of the defendants' tortious actions was Jones, who resided in California, and their conduct was intended to cause injuries to Jones in California. *Id.* at 788, 1486.

2

According to the main case relied upon by Plaintiff, the "effects doctrine" kicks in when a defendant aims intentional, tortious actions at the forum state which harm a plaintiff in the forum state and the defendant knows that the plaintiff would be likely to suffer harm there. See *International Molding Mach. Co. v. St. Louis Conveyor Co.*, 2002 WL 1838130 (N.D. Ill. 2002). An additional requirement where the alleged injury is economic, as is the case in this matter, is that a plaintiff must establish that the defendant intended to affect an Illinois interest. See *id.* at *4.

In the case of *International Molding*, the court held that the defendant had sufficient contacts with Illinois to support specific personal jurisdiction over defendant and that the "effects doctrine" supported the exercise of specific jurisdiction over the defendant. In that case, however, the defendant had significant contacts with Illinois that were closely related to the plaintiff's action against defendant. Defendant had initiated a project by contacting the plaintiff in Illinois and obtained trade secrets from the plaintiff in Illinois to use in completing that project, sent its employees to plaintiff in Illinois several different times related to the project, and the project in question was for delivery of a mold handling system to be used at defendant's client's foundry, located in Illinois. 2002 WL 1838130, at *1, *4. Without those contacts, the lawsuit would not have even been filed.

In the present case, Flow Valve has not reached out to contact any Illinois resident. It has not sent any employees to Illinois. If Defendants Wood or Klingbail committed torts against Plaintiff, which they deny, those torts were not committed on behalf of Flow Valve. When Klingbail was employed by Plaintiff, he was not affiliated with Flow Valve in any way. See Declaration of Ken Klingbail attached to Flow Valve's Motion to Dismiss. Each defendant's contacts with the forum state must be assessed individually. See *Calder v. Jones*, 465 U.S. 783,

3

104 S. Ct. 1482 (1984). Thus, the purported contacts of Flow Valve with Illinois are the only contacts that the Court can consider in its determination of personal jurisdiction. There are no such contacts by Flow Valve.

In the cases cited by Plaintiff, the parties had a history with each other, so it was clear that the defendants had aimed their actions at the plaintiffs. In *International Molding* the plaintiff and defendant had worked on a project together and were parties to a contract. In *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997), the defendant had tried to convince plaintiff to enter into a contract with it concerning their respective products. In *Celozzi v. Boot*, 2000 WL 1141568 (N.D. Ill. 2000) the plaintiff and defendant were parties to a contract.

In the present case, Flow Valve has no relationship or connection to Plaintiff. Plaintiff has not submitted any proof to the effect that Flow Valve has tried to cause harm to Plaintiff and has not alleged any facts that have not been controverted by Flow Valve that would lead to such a conclusion. Flow Valve has done nothing that has been aimed at Plaintiff or with the intention of affecting Plaintiff. Therefore, even under a liberal application of the "effects doctrine," this Court would not have personal jurisdiction over Flow Valve.

Plaintiff is trying to convince the Court that the alleged acts of Wood and Klingbail are the alleged acts of Flow Valve. However, Flow Valve has disputed those allegations by way of declarations filed with its Motion to Dismiss. Those declarations show that: Wood has not been an employee, representative, agent, or member of Flow Valve, LLC; none of Plaintiff's top twenty (20) customers is located in Illinois; Wood did not solicit Ken Klingbail to leave Kemper and work for Flow Valve and did not agree with Klingbail to create a competitor to Kemper; none of Defendant Klingbail's acts on behalf of Flow Valve, LLC have occurred within the state of Illinois; Klingbail was not affiliated with Flow Valve in any way and did nothing on its be-

half, while he was employed by Plaintiff or while he resided in Illinois; he did not make any agreements with Wood; Klingbail was planning to move to Houston, Texas when he resigned from Plaintiff and in fact moved his personal belongings to Houston after he ended his employment with Plaintiff; and it was only after he had left his employment with Kemper that Klingbail decided to go to work for Flow Valve and moved to Oklahoma.

Regardless of how the theory is couched, jurisdiction can be maintained only through minimum contacts by Flow Valve. "Minimum contacts are those acts by which the defendant has purposefully availed itself of the privilege of conducting activities within the forum, *Hanson v. Denckla,* 357 U.S. 235, 253 78 S.Ct. 1228, 2 L.Ed. 2d 1283 (1958), such that he should reasonably anticipate being haled into court there." *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S. Ct. 559, 62 L.Ed.2d 490 (1980); *Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc.*, 42 F.Supp.2d 821, 829 (N.D. Ill. 1999). "The sufficiency of minimum contacts cannot be determined by any set formula or rule of thumb, but 'must rest on a consideration of what is fair and reasonable in the circumstances of each particular case.'" *Deluxe Ice Cream Company v. R.C.H. Tool Corp.,* 726 F.2d 1209, 1213 (7th Cir. 1984)(citation omitted). Flow Valve has done nothing in or related to Illinois such that it could expect or anticipate being haled into court in Illinois.

### III. In The Alternative, The Court Should Transfer This Case To The U.S. District Court For The Eastern District of Oklahoma.

In the alternative to a dismissal, Flow Valve requests that this Court transfer venue of the entire case to the United States District Court for the Eastern District of Oklahoma under 28 U.S.C. § 1404 as a forum more convenient for all Defendants and probable witnesses and as a forum that would have jurisdiction to resolve all issues raised by Plaintiff against all Defendants.

A district court may transfer any civil action to any other district division where it might have been brought for the convenience of parties and witnesses, in the interest of justice. 28 USC § 1404(a). "Transfer is appropriate when (1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interest of justice." *First Nat. Bank v. El Camino Resources, Ltd.*, 447 F.Supp.2d at 908, *quoting*, *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997). In determining whether the transfer will actually serve the convenience of the parties and witnesses and the interest of justice, courts analyze the private interests of the parties and the public interests of the court. *See id.* The factors relevant to consider in the parties' private interest are: (1) choice of forum; (2) the situs of material events; (3) the relative ease and access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses. *See id* at 912. The public interest factors include the court's familiarity with the applicable law, speed at which the case will proceed to trial, and the desirability to resolve controversies in their locale. *See id.*

### A. Situs of Material Events is Oklahoma.

Plaintiff argues in its Response that the situs of material events is in Illinois. However, Plaintiff fails to point the Court to a single material event between Plaintiff and Flow Valve that occurred in Illinois. Plaintiff argues about Klingbail's actions that occurred in Illinois. As shown by Klingbail's declaration attached to Flow Valve's Motion to Dismiss, Klingbail did nothing on behalf of Flow Valve while in Illinois. All of Flow Valve's actions are occurring in Oklahoma. Therefore, the situs of material events as to Flow Valve is Oklahoma.[1]

---

[1] Plaintiff argues that its choice of forum is to be given considerable weight in this analysis. However, Plaintiff's choice of forum is not the situs of the material events allegedly giving rise to Plaintiff's lawsuit against Flow Valve.

6

### B. <u>Oklahoma is Not Inconvenient for Plaintiff.</u>

Plaintiff has already shown that litigating in Oklahoma would not be particularly inconvenient to it, in that it operates two facilities in Sulphur, Oklahoma. See Plaintiff's Amended Complaint ¶ 13. On the other hand, Flow Valve does not operate in Illinois and all of its employees are residents of Oklahoma. Consequently, the convenience of the parties' factor weighs in favor of transfer to Oklahoma because the factor is relative between the Plaintiff and Defendants. In other words the Court must consider the relative inconvenience of each of the parties litigating in the respective chosen states. Litigating this case in Oklahoma would not be as burdensome on Plaintiff as it would be on Defendants to litigate this case in Illinois. Therefore, the Court should transfer the case to Oklahoma.

### C. <u>Oklahoma is More Convenient for Witnesses.</u>

The convenience of the witnesses is an important factor in determining whether to grant a motion to transfer. *First Nat. Bank* at 913. Plaintiff argues that the parties can depose witnesses wherever they reside. That may be true but it does not fully remedy the problem at trial when a party needs a live witness as opposed to a video recording of a deposition. According to Plaintiff, its case is in part about interference with Plaintiff's relationships with its customers. Witnesses from the Parties' customers will be needed in regard to the reasons they are no longer customers of Plaintiff. None of those customers are located in Illinois. At least one of the customers, Halliburton, is located in Oklahoma. Also, part of Plaintiff's lawsuit is that Flow Valve has been hiring or trying to hire Plaintiff's employees. Those employees would have to be persons who reside in Oklahoma because none of Flow Valve's employees reside outside of Oklahoma.

---

Thus, Plaintiff's choice of forum is given less deference. *First Nat. Bank v. El Camino Resources, Ltd.*, 447 F.Supp.2d at 908, *quoting, RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997).

### D. Time to Trial is Significantly Shorter in Oklahoma.

The median time from filing to trial favors transfer to the Eastern District of Oklahoma, where a case goes to trial in less than half the time it takes for a case to go to trial in the Northern District of Illinois. The median time from filing to trial for the twelve (12) month period beginning September 30, 2005 (latest date shown on website for the Eastern District of Oklahoma) was 13 months. The median time from filing to trial for the period ending September 30, 2007 in the Northern District of Illinois was 29.7 months.

### E. Oklahoma Has a Stronger Relationship to this Litigation than Does Illinois.

Plaintiff argues that Illinois has a stronger connection to the case because Klingbail worked in Illinois and had access to Plaintiff's trade secrets in Illinois. However, Oklahoma has a more significant connection to this case in that Kemper set up and is operating its two facilities in Oklahoma, solely as a result of buying Buddy Wood's business that was located in Sulphur, Oklahoma some nine (9) years ago. Without that happening Flow Valve would not have any connection to Plaintiff. Flow Valve was originally organized by Chett Tucker, Buddy Wood's son-in-law and a former employee of Plaintiff who worked at Plaintiff's Oklahoma facilities. The only reason Flow Valve has a connection to Plaintiff at all is that Plaintiff owned and operated and still owns and operates two facilities in Sulphur, Oklahoma. Thus, it is clear that Oklahoma has a closer relationship to this litigation than does Illinois.

### Conclusion

For the foregoing reasons, and for the reasons stated in its Motion to Dismiss or, in the Alternative, to Transfer Venue and in its Memorandum in Support, Defendant Flow Valve, LLC, respectfully requests that the Court dismiss Plaintiff's Amended Complaint as to it or, in the al-

8

ternative, transfer the entire case to the United States District Court for the Eastern District of Oklahoma.

Dated: April 14, 2008

Respectfully submitted,

/s/ Paul E. Lehner
One of the attorneys for defendant,
Flow Valve, LLC

William W. Speed
George W. Braly
Braly, Braly, Speed & Morris, PLLC
201 W. 14th Street
P.O. Box 2739
Ada, OK 74821-2739
Phone: 580-436-0871
Fax: 580-436-0889

James D. Adducci
Paul E. Lehner
ADDUCCI, DORF, LEHNER, MITCHELL
& BLANKENSHIP, P.C.
150 N. Michigan Avenue, Suite 2130
Chicago, IL 60601
Phone: 312-781-2800

## **CERTIFICATE OF SERVICE**

  The undersigned, one of the attorneys for Defendant, Flow Valve, LLC, certifies that, on April 14, 2008, he caused a copy of Flow Valve, LLC's Reply to Plaintiff's Response to Defendant's Motion to Dismiss or, in the Alternative, to Transfer Venue, to be served by means of ECF to:

| | |
|---|---|
| Davi Lynn Hirsch | Daniel R. Madock |
| Joshua D. Holleb | Klein, Dub & Holleb, Ltd. |
| Klein, Dub & Holleb, Ltd. | 525 W. Monroe Street, Suite 2360 |
| 660 LaSalle Place | Chicago, IL  60661 |
| Highland Park, IL  60035 | |

              /s/ Paul E. Lehner