IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEMPER VALVE & FITTINGS CORP. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 513 |
| | ) | |
| BUDDY WOOD, KENNETH KLINGBAIL, | ) | Honorable Judge Guzman |
| FLOW VALVE, LLC, | ) | Magistrate Judge Nolan |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS BUDDY WOOD AND KENNETH KLINGBAIL'S
### REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO TRANSFER VENUE

Defendants, Buddy Wood and Kenneth Klingbail, by their attorneys, hereby submit this

Reply to Plaintiff's Response to Defendants' Motion to Transfer Venue.

### Introduction

This case should be in Oklahoma rather than Illinois because the case exists only because

of Plaintiff's owning and operating facilities in Oklahoma. Plaintiff purchased a company

owned by Buddy Wood located in Sulphur, Oklahoma. After that, Wood worked for Plaintiff in

Sulphur, Oklahoma. Wood's son-in-law also worked for Plaintiff in Sulphur, Oklahoma.

Wood's son-in-law quit working for Plaintiff and organized Flow Valve, LLC and went into

business in Sulphur, Oklahoma. But for Plaintiff owning and operating facilities in Sulphur,

Oklahoma, Flow Valve would have no connection whatsoever to Plaintiff and this lawsuit

probably would not exist.

## Argument

### A.   The Court Should Transfer This Case To The U.S. District Court For The Eastern District of Oklahoma.

All Defendants have requested that this Court transfer venue of this case to the United States District Court for the Eastern District of Oklahoma under 28 U.S.C. § 1404 as a forum more convenient for all Defendants and probable witnesses and as a forum that would have jurisdiction to resolve all issues raised by Plaintiff against all Defendants. A district court may transfer any civil action to any other district division where it might have been brought for the convenience of parties and witnesses, in the interest of justice. 28 USC § 1404(a). "Transfer is appropriate when (1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interest of justice." *First Nat. Bank v. El Camino Resources, Ltd.*, 447 F.Supp.2d at 908, *quoting, RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997). In determining whether the transfer will actually serve the convenience of the parties and witnesses and the interest of justice, courts analyze the private interests of the parties and the public interests of the court. *See id.* The factors relevant to consider in the parties' private interest are: (1) choice of forum; (2) the situs of material events; (3) the relative ease and access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses. *See id* at 912. The public interest factors include the court's familiarity with the applicable law, speed at which the case will proceed to trial, and the desirability to resolve controversies in their locale. *See id.*

**B.    The Situs of Material Events is Oklahoma.**

Plaintiff argues in its Response that the situs of material events is in Illinois. However, the situs of most of the alleged material events is in Oklahoma. The alleged misappropriation of trade secrets is allegedly occurring in Oklahoma. The alleged interference with Plaintiff's employees would be occurring in the small town of Sulphur, Oklahoma, where Plaintiff operates two facilities and where Flow Valve is located. Plaintiff argues that Klingbail signed his confidentiality and non-compete agreement in Illinois. That is true but it is also true that Buddy Wood signed his confidentiality and non-compete agreement in Oklahoma. Moreover, this whole case concerns an Oklahoma company, Flow Valve, and Plaintiff's connections to Oklahoma through its purchase of Buddy Wood's company and subsequent employment of Buddy Wood. Klingbail is employed by Flow Valve, but as shown by Klingbail's declaration attached to Flow Valve's Motion to Dismiss, Klingbail did nothing on behalf of Flow Valve while in Illinois. All of Flow Valve's actions are occurring in Oklahoma. Therefore, the situs of material events is Oklahoma.[1]

**C.    Oklahoma is Not Inconvenient for Plaintiff.**

Plaintiff has already shown that litigating in Oklahoma would not be particularly inconvenient to it, in that it operates two facilities in Sulphur, Oklahoma. See Plaintiff's Amended Complaint ¶ 13. On the other hand, Defendants are individuals and residents of Oklahoma. Litigating in Illinois would be burdensome for Defendants, who are individuals and residents of Oklahoma. Both are working for a living and have limited resources. Litigating this case in Oklahoma would not be as burdensome on Plaintiff as it would be on Defendants to

---

[1] Plaintiff argues that its choice of forum is to be given considerable weight in this analysis. However, Plaintiff's choice of forum is not the situs of the material events allegedly giving rise to Plaintiff's lawsuit against Flow Valve. Thus, Plaintiff's choice of forum is given less deference. *First Nat. Bank v. El Camino Resources, Ltd.*, 447 F.Supp.2d at 908, *quoting, RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997).

litigate this case in Illinois. Consequently, the convenience of the parties' factor weighs in favor of transfer to Oklahoma.

**D.    Oklahoma is More Convenient for Witnesses.**

The convenience of the witnesses is an important factor in determining whether to grant a motion to transfer. *First Nat. Bank* at 913. Plaintiff argues that the parties can depose witnesses wherever they reside. That may be true but it does not fully remedy the problem at trial when a party needs a live witness as opposed to a video recording of a deposition. According to Plaintiff, its case is in part about interference with Plaintiff's relationships with its customers. Witnesses from the Parties' customers will be needed in regard to the reasons they are no longer customers of Plaintiff. None of those customers are located in Illinois. At least one of the customers, Halliburton, is located in Oklahoma. Also, part of Plaintiff's lawsuit is that Flow Valve has been hiring or trying to hire Plaintiff's employees. Those employees would have to be persons who reside in Oklahoma because none of Flow Valve's employees reside outside of Oklahoma.

**E.    The Time to Trial is Significantly Shorter in Oklahoma.**

The median time from filing to trial favors transfer to the Eastern District of Oklahoma, where a case goes to trial in less than half the time it takes for a case to go to trial in the Northern District of Illinois. The median time from filing to trial for the twelve (12) month period beginning September 30, 2005 (latest date shown on website for the Eastern District of Oklahoma) was 13 months. The median time from filing to trial for the period ending September 30, 2007 in the Northern District of Illinois was 29.7 months.

**F.**     **Oklahoma Has a Stronger Relationship to this Litigation than Does Illinois.**

Plaintiff argues that Illinois has a stronger connection to the case because Klingbail worked in Illinois and had access to Plaintiff's trade secrets in Illinois. However, Oklahoma has a more significant connection to this case in that Plaintiff set up and is operating its two facilities in Oklahoma, solely as a result of buying Buddy Wood's business that was located in Sulphur, Oklahoma some nine (9) years ago. Without that happening Flow Valve would not have any connection to Plaintiff. Flow Valve was originally organized by Chett Tucker, Buddy Wood's son-in-law and a former employee of Plaintiff who worked at Plaintiff's Oklahoma facilities. The only reason Flow Valve has a connection to Plaintiff at all is that Plaintiff owned and operated and still owns and operates two facilities in Sulphur, Oklahoma. Thus, it is clear that Oklahoma has a closer relationship to this litigation than does Illinois.

### Conclusion

For the foregoing reasons, and for the reasons stated in their Motion to Transfer Venue and Memorandum in Support, Defendants Buddy Wood and Kenneth Klingbail respectfully request that the Court transfer the case to the United States District Court for the Eastern District of Oklahoma.

Dated:  April 14, 2008

Respectfully submitted,

/s/ Paul E. Lehner
One of the attorneys for defendant,
Flow Valve, LLC

William W. Speed
George W. Braly
Braly, Braly, Speed & Morris, PLLC

5

201 W. 14th Street
P.O. Box 2739
Ada, OK 74821-2739
Phone: 580-436-0871
Fax:  580-436-0889

James D. Adducci
Paul E. Lehner
ADDUCCI, DORF, LEHNER, MITCHELL
& BLANKENSHIP, P.C.
150 N. Michigan Avenue, Suite 2130
Chicago, IL  60601
Phone: 312-781-2800

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendants Buddy Wood and Kenneth Klingbail, certifies that, on April 14, 2008, he caused a copy of Defendants Buddy Wood and Kenneth Klingbail's Reply to Plaintiff's Response to Motion to Transfer Venue to be served by means of ECF to:

Davi Lynn Hirsch
Joshua D. Holleb
Klein, Dub & Holleb, Ltd.
660 LaSalle Place
Highland Park, IL  60035

Daniel R. Madock
Klein, Dub & Holleb, Ltd.
525 W. Monroe Street, Suite 2360
Chicago, IL  60661

/s/ Paul E. Lehner